# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| REGINALD V. JOHNSON, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-50 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| BEHAVIORAL HEALTH AND | ) | |
| DEVELOPMENTAL DISABILITIES, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

*Pro se* plaintiff Reginald Johnson files this action challenging an adverse decision concerning his state-provided disability services.[1] Doc. 1

---

[1] Although the Court needs additional information before proceeding to consider the substantive issues in this case, it is not convinced that plaintiff has stated a viable claim. First, it appears that claims for money damages, including punitive damages, against the State of Georgia, or its agencies, are precluded by the Eleventh Amendment and the State's sovereign immunity. *See, e.g.,* CHARLES ALAN WRIGHT, ARTHUR R. MILLER, *et al.*, 13 FED. PRAC. & PROC. JURIS § 3524 (3d ed. 2017) (since 1890 federal courts have recognized that states are not subject to suit in federal court for damages). Injunctive relief may be available under the exception recognized in *Ex parte Young*. *See, e.g.,* 209 U.S. 123 (1908); *Rosie D. ex rel. John D. v. Swift*, 310 F.3d 230, 237-38 (1st Cir. 2002) (holding "that the Eleventh Amendment does not prevent Medicaid beneficiaries from seeking prospective injunctive relief against state officials in a federal court."). Despite the existence of the exception, it is not clear that Johnson's pleading is sufficient to establish its application. *See, e.g., Seminole Tribe of Fla. v. Florida Dept. of Revenue*, 750 F.3d 1238, 1243-44 (11th Cir. 2014) (explaining that plaintiff could not avoid Eleventh Amendment / sovereign immunity-based defense by characterizing a suit to recover money damages as a suit for injunctive relief); *Summit Medical Assocs, P.C. v. Pryor*, 180 F. 3d 1326, 1337 (11th

at 2. He seeks both injunctive (a "Writ of Mandamus") and monetary relief. *Id.* at 2-3. He also seeks to proceed *in forma pauperis* (IFP). Doc. 3.

Johnson must supplement his IFP motion. The Court grants IFP status if a plaintiff demonstrates that he cannot, because of his poverty, afford to pay the costs of litigation and still provide for himself and any dependents. *See* 28 U.S.C. § 1915(a)(1); *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339-40 (1948); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2007). While a plaintiff need not be absolutely destitute in order to proceed IFP, the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible for him to do so without undue hardship. *Adkins*, 335 U.S. 339-40.

Johnson's IFP motion states that he receives disability payments and has "other sources" of income. Doc. 3 at 1. The motion purports to attach a "disability check and child support payments," but no such document is attached. *Id.* His listed expenses include expected items like food and medication ("herbal supplements"), but also "rent

---

Cir. 1999) (noting limitations of *Ex parte Young* exception). Despite those substantive concerns, the questions concerning Johnson's IFP request must be resolved first.

assistance." *Id*. at 2. It is unclear whether he *receives* such assistance, in which case it should be listed as income, or *provides* such assistance. In either case, the amount is relevant to the Court's evaluation of his IFP request. Finally, he states that he has $517 in cash or in a checking or savings account. *Id*. It is thus possible that Johnson is indigent, but he must clarify his income and expenses. Accordingly, he must supplement his IFP motion within 14 days, providing **all** of the information requested on the Court's form, or pay the filing fee. The Clerk is **DIRECTED** to send a blank IFP motion form with this Order for Johnson's convenience.

Additionally, Johnson's Complaint states that "[a]s a result of plaintiff's severe impairments and delays, [he] is requesting that his mother, Ella Johnson, be allowed to speak and represent on his behalf to the court." Doc. 1 at 1. The law is clear, however, that a non-attorney parent "has no right to *represent* a child in an action in the child's name." *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008). "The right to appear *pro se* . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others. Consequently, we have held that 'parents who are

not attorneys may not bring a *pro se* action on their child's behalf.'" *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F. 3d 576, 581 (11th Cir. 1997), overruled in part on other grounds by *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)). Thus, while it is clearly permissible for Johnson's mother to informally assist him in preparing his pleadings, and she might even provide interpretive services should an oral presentation be necessary, she may not make decisions about how the case is conducted.[2]

In summary, within 14 days of the date of this Order, Johnson must supplement his motion to proceed IFP, providing a complete statement of his income and expenses. **Failure to comply with this Order will result in a recommendation of dismissal on abandonment grounds.** *See* Fed. R. Civ. P. 41(b).

---

[2] If the statement of impairment is intended, not just to notify the Court that she intends to informally help her son, but to plead his legal incompetence, a different issue is presented. If Johnson's mother contends that he is not competent to control the conduct of this case, she should so notify the Court. Such notice, or other indication that Johnson is not competent, triggers the Court's responsibility and authority under Fed. R. Civ. P. 17(c). *Cf. Berrios v. New York City Housing Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) ("Where the owner of a claim is a minor or incompetent person, therefore, unless that claimant is properly represented by a guardian ad litem, next friend, or other suitable fiduciary, and that representative either is, or is represented by, an attorney, the court should not issue a ruling as to whether the complaint states a claim on which relief may be granted.").

**SO ORDERED**, this 15th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA