# UNITED  STATES  DISTRICT  COURT

# SOUTHERN  DISTRICT  OF  GEORGIA

# SAVANNAH  DIVISION

| | | |
|---|---|---|
| REGINALD V. JOHNSON, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-50 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| BEHAVIORAL HEALTH AND | ) | |
| DEVELOPMENTAL DISABILITIES, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Reginald Johnson, acting through his mother, Ella Johnson ("Ella"), has filed a Complaint seeking monetary and injunctive relief arising from the withdrawal (or threat of withdrawal) of financial support by the Georgia Department of Behavioral Health and Developmental Disabilities (the "Agency"). Doc. 1 at 2; doc. 10 at 3. Ella responded to the Court's request for further information on Johnson's legal capacity, her suitability to act on his behalf, and the nature of the claim. Docs. 7 & 8.

## I.    JOHNSON'S LEGAL CAPACITY

The Complaint requested that Ella "be allowed to speak and represent on [Johnson's] behalf to the court."  Doc. 1 at 1.  Based on the Complaint's allegations, it appeared that Johnson was proposing to act *pro se*, but with his mother facilitating disability-related communication difficulties.  Doc. 4 at 4.  Supplemental financial information cast doubt on whether Johnson could act *pro se*, for he listed "child support" among the sources of his income.  Doc. 6 at 1; doc. 7 at 2.  In order to clarify Johnson's legal capacity, and to determine whether Ella was a suitable representative in the event that Johnson was not *sui juris*, the Court required Ella to provide further information.  Doc. 7 at 5.

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  There is limited judicial authority concerning the application of that provision, however. *See Sam M. ex rel. Elliott v. Carcieri*, 608 F.3d 77, 90 (1st Cir. 2010).  The Eleventh Circuit has never permitted a non-attorney parent to act *pro se*

on behalf of their child.  *See FuQua v. Massey*, 615 F. App'x 611 at 612 (11th Cir. 2015) ("The right to appear *pro se* . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others.  Consequently, we have held that 'parents who are not attorneys may not bring a *pro se* action on their child's behalf.'" (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)); *see also Black v. Colvin*, 2015 WL 6082112, at * 1 (S.D. Ala. Sept. 17, 2015) (rejecting *pro se* parent's request to act on disabled child's behalf, noting that the Eleventh Circuit has not sanctioned such representation, child was not a minor, proposed representative was not child's appointed guardian, and there was insufficient proof of disability).

Other courts, while recognizing the general prohibition, have found it is not "ironclad."  *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011).  Particularly in the context of suits concerning the denial or withdrawal of public benefits, courts have recognized the practical necessity of permitting non-attorney parents to proceed on behalf of their child.  *See, id.* at 1300 (citing *Harris v. Apfel*, 209 F.3d

3

413, 417 (5th Cir. 2000) (permitting non-attorney parent to proceed on behalf of minor child in appeal of denial of Social Security Disability benefits)). In such cases the circumstances of the claim (*i.e.* the practical reality that low-income children will often be unable to secure representation to protect their rights and the alignment of the parent-representative's interest with the child's) support an exception to the general prohibition on parental representation. *Id.* Given the breadth of Rule 17(c)'s sanction of "another appropriate order," the Rules too seem to support the possible recognition of a non-attorney parent's representation of their child without the assistance of counsel.

Johnson turned 18 years old on November 27, 2017. *See* doc. 8-1 at 1 (listing Johnson's birthdate as November 27, 1999). A letter from his physician, attached to Ella's declaration, describes him as autistic, "non-verbal," and "totally dependent upon his care giver to meet all his daily living needs and activities." *Id.* at 7. Based on that assessment, Johnson, although not a minor during the pendency of this action, appears to be legally incompetent.[1]

---

[1]  There is no generally-applicable federal standard for competency; it is determined by the law of the party's domicile. *See Scannavino v. Florida Dept. of Corrs.*, 242 F.R.D. 662, 663 (M.D. Fla. 2007). Thus, Georgia law would determine Johnson's competency. Under Georgia law, "one not adjudicated insane has the capacity to sue

## II.   Ella's suitability

Where parents are permitted to proceed on their children's behalf, the child's "best interests are of paramount importance. . . ." *Sam M. ex rel. Elliott*, 608 F.3d at 85.   Ella's background indicates that she is well suited to act as Johnson's representative.   She is his natural mother, has a bachelor's degree, and is employed "processing disability claims by contacting claimant, medical sources, third parties, field office, scheduling exams, bookmarking medical, getting work, etc."  Doc. 8-1 at 2.   She also disavows any conflict between her interests and Johnson's. *Id.* at 3 (asserting "my interests are my son's interests.").

The Court might find those qualities dispositive in determining her suitability, but for a potential conflict of interest.   The Complaint alleges that the benefits at issue are to be (or have been) terminated "due to perceived abuses of the program."   Doc. 1 at 2.   Ella has supplemented that allegation, explaining that the Agency proposes to discontinue benefits because of an unapproved "family hire."   Doc. 8-1 at 5.

---

and be sued."  *Mason v. Fisher*, 143 Ga. App. 573, 573 (1977).   The information provided does not indicate whether Johnson's mother has been legally appointed his guardian or conservator, but, regardless, the extent of his limitations indicates that he is *non compos mentis*.   Thus, Georgia law would likely determine him to be incompetent, even without a prior adjudication.  *See, e.g., Spooner v. Spooner*, 148 Ga. 612, 612 (1918) (a person who, even temporarily, is *non compos mentis* lacks the capacity to sue in his own name) (citing *Thomas v. Thomas*, 145 Ga. 111 (1916)).

Specifically, Ella's sister, Carolyn Jackson, "was being paid for more hours than the program would have permitted for standard family hire." *Id.* Ella also concedes that the Agency "states that [she], as plaintiff's representative . . . was in violation despite documentation presented." *Id.* at 6.

Those facts raise a significant doubt about Ella's suitability. The "unapproved family hire" at issue is Ella's sister, who has lived with Ella and Johnson "all of the plaintiff's life." Doc. 8-1 at 5. That fact, coupled with the Agency's allegation that Ella was complicit in the impropriety, casts doubt on whether she could pursue Johnson's interests in retaining his benefits impartially and zealously. For example, she might be less inclined to accept a resolution that does not protect her sister's income (and given that her sister lives with her, it seems possible that some portion of that income might go to Ella, albeit mediately). Given the potential conflict between Ella's and Johnson's interests, further inquiry into the possibility of appointing a *guardian ad litem* is warranted. But because Johnson's Complaint presents a possibly viable claim, the Court will permit Ella to provisionally serve as his *guardian ad litem*. As discussed below, the Complaint is sufficient to be served on the Agency,

and pending its response, the Court may revisit the question of whether counsel, or a non-conflicted guardian, should be appointed.

### III.   Johnson's claims

Since Johnson is proceeding *in forma pauperis*, the Court has an obligation to screen his Complaint to determine whether it states a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).  Johnson's Complaint seeks both injunctive relief, in the form of a "Writ of Mandamus" directing the "reinstatement" of his disability benefits,) and "2.25 million dollars for punitive damages."  *Id.* at 2-3. There is also a suggestion that even the threatened cessation of benefits has caused some injury.  *See id.* ("Plaintiff has suffered loss of community access which has affected his quality of life and has suffered regression in behaviors.   Even with reinstatement, the difficulty of getting plaintiff back to his prior level of functioning will be work and will come at the cost of where plaintiff could have been if allowed his civil rights.").

Johnson does not identify any legal theory that supports his claims. He cites several sections of the Code of Federal Regulations, *see* doc. 1 at

2 (citing 42 C.F.R. §§ 431.200, 441.740), and asserts that "the [Fourteenth] Amendment of the [United States] Constitution is also brought into question." *Id.* There is no indication that the cited regulations provide an individual right of action. A violation of the protections of the Fourteenth Amendment, however, might support a claim under 42 U.S.C. § 1983 (providing a private cause of action against any person, acting under color of state law, who deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States.). *See, e.g., William v. Horton*, 2016 WL 6582682 at * 12 (N.D. Ga. Nov. 7, 2016) (summarizing cases where a § 1983 cause of action was found involving the denial of Medicaid benefits).

The first defect in the claims, as plead, is that the Agency is not a proper defendant. As a state agency, it is immune from suit under the Constitution's Eleventh Amendment. *See, e.g., Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) ("Under most circumstances, the Eleventh Amendment bars suits against states and state entities by their citizens."). Accordingly, claims against the Georgia Department of Behavioral Health and Developmental Disabilities should be **DISMISSED**.

Johnson's claim for damages, specifically "2.25 million dollars for punitive damages," is also subject to dismissal.  Doc. 1 at 3.  As discussed more fully below, Johnson *may* have a claim for injunctive relief against an employee of the Agency, in that employee's official capacity.  However, punitive damages are only available in suits under 42 U.S.C. § 1983 when an official is sued in his individual, not official, capacity.  *See, e.g., William*, 2016 WL 6582682 at * 12.  Since Johnson's Complaint does not identify any individual defendants, punitive damages are not available.  Accordingly, to the extent that his claim seeks damages, it should be **DISMISSED**.[2]

Despite the defects in plaintiff's claims, the Court has an obligation to liberally construe *pro se* pleadings.  *See, e.g., Jones v. Florida Parole Comm'n*, 787 F.3d 1105, (11th Cir. 2015) ("[A] *pro se* pleading must suggest (even if inartfully) that there is at least some factual support for a claim").  Although the Agency itself is not subject to suit, its employees and administrators, in their official capacities, may be subject to suit for

---

[2]  Johnson may amend his claim to identify individual defendants, if he believes that any are subject to such damages.  Any such amendment, however, must make clear how those individuals participated in the alleged deprivation of plaintiff's rights.

injunctive relief.[3]  *See William*, 2016 WL 6582682 at * 7-8 (finding that suit against state officials for prospective relief under the Medicaid Act was not barred by the Eleventh Amendment).  In *William*, the Court denied defendants' motions to dismiss claims for injunctive relief requiring them to provide specific services.  *Id.* at * 8.  The Court reasoned that such relief was proper under the *Ex Parte Young* exception to Eleventh Amendment immunity, given that the payment of money for such services was no more than "'ancillary'" to the injunctive remedy. *Id.* at * 8 (quoting *Guggenberger v. Minnesota*, 198 F. Supp. 3d 973, 1000 (D. Minn. 2016)).  Although the precise nature of Johnson's claim is not clear, the reasoning in *William* supports, at least, allowing it to proceed through screening.

Ordinarily, the Court would require the plaintiff to amend her Complaint and identify a proper defendant.  In this case, however, that step is unnecessary.  The substance of Johnson's viable claim is clear: he seeks an injunction requiring the provision of certain services from the Agency.  *See* doc. 1 at 3 (seeking "reinstatement of his self-directed

---

[3] "[S]uits against an official in his or her official capacity are suits against the entity the individual represents."  *Parker v. Williams*, 862 F.2d 1471, 1476 n. 4 (11th Cir. 1989).

waiver"). The proper defendant for service of the Complaint is therefore, Judy Fitzgerald, in her official capacity as the Commissioner of the Georgia Department of Behavioral Health and Disabilities. The Clerk is **DIRECTED** to add Commissioner Fitzgerald, in her official capacity, as a defendant in this case. Since it appears that Johnson has a viable claim for injunctive relief, the Court approves his Complaint for service on Commissioner Fitzgerald.

## IV. Service

Having determined that Johnson's claims are not frivolous and identified a proper defendant, the Court approves this case for service on the defendant. To that end, the Court will implement, in part, the service procedure deployed in *Newton v. Food Lion, LLC*, CV415-153, doc. 10 (S.D. Ga. Dec. 9, 2015) and *Simmons v. Five Star Quality Care, Inc.*, 2014 WL 6603759 at * 4 (S.D. Ga. Nov. 19, 2014), *adopted*, 2015 WL 307003 (S.D. Ga. Jan. 23, 2015). Since the Court has authorized Johnson to proceed IFP, Rule 4 service must be made by the United States Marshals Service. Fed. R. Civ. P. 4(c)(3) (the court "must" order that service be made by the Marshal "if the plaintiff is authorized to proceed

[IFP]").   Before   the   Marshal   is   directed   to   effect   personal   service,
however, the Court will attempt to secure defendant's waiver.

The Marshal is **DIRECTED** to prepare a service waiver package
for the defendant, Judy Fitzgerald, the Agency's commissioner, to be
sent to the Agency's publicly-available address:

> Georgia Department of Behavioral Health & Developmental
> Disabilities
> Two Peachtree Street, N.W.
> 24th Floor
> Atlanta, Georgia 30303.

*See* Georgia Department of Behavioral Health and Developmental
Disability, *Contact Us*, *available at* https://dbhdd.georgia.gov/contact-us-
0; *see also* Fed. R. Civ. P. 4(d)(1).[4]  That package must include: a Rule 4

---

[4]   Although Rule 4's Marshal-service mandate is clear, the Court's interest in
preserving resources and minimizing burden on the Marshal's staff support
attempting to secure defendant's waiver of formal service, as contemplated by Fed. R.
Civ. P. 4(d) and this Court's Local Rules.  *See* S.D. Ga. L. Civ. R. 4.5 ("In cases in
which the plaintiff is authorized to proceed [IFP] . . ., unless personal service by the
Marshal is ordered by the Court, the Marshal may utilize any other form of service *or
waiver* authorized by Federal Rule of Civil Procedure 4." (emphasis added)); *see also*
Charles Alan Wright, Arthur R. Miller, *et al.*, 4A Fed. Prac. & Proc. Civ. § 1090 (4th
ed. 2017) (noting that the policy supporting Marshal service for IFP plaintiffs "is to
provide service for those who cannot afford private service," but "the plaintiff [or, in
this case, the Clerk] should first attempt to make service by some other means
provided for in the rule; only when this proves unfeasible" should service by the
Marshal be used).  Other Courts have also directed that Court staff make an attempt
to secure defendant's waiver of formal service before requiring the Marshal to effect
formal service.  *See, e.g., Dunn v. Federal Express*, 2014 WL 1028949 at *2-3 (N.D.
Ga. Mar. 14, 2014) (directing attempt to secure service waiver, and directing USMS
service "[i]n the event Defendant does not return the Waiver of Service form to the
Clerk of Court" within the specified period).

notice of Lawsuit and Request to Waive Service of Summons (prepared by the Marshal); two copies of the Waiver of the Service of Summons form (prepared by the Marshal); an envelope addressed to the Clerk of Court with adequate first-class postage for use by the defendant for return of the waiver form; one copy of the Complaint, and one copy of this Order.

Next, the Marshal shall mail the service waiver package to the defendant.  The defendant is under a duty to avoid unnecessary costs of personally serving the summons.  If she fails to comply with the mailed request for waiver of service, she must bear the costs of personal service, unless good cause can be shown for failure to return the Waiver of Service form.  *See* Fed. R. Civ. P. 4(d)(2).  Should Commissioner Fitzgerald fail to waive service within sixty days following the date the service waiver package is mailed (the Clerk shall docket that act), the Clerk will prepare and transmit a service package to the Marshal.  The service package must include a fully completed USM 285 form, the summons, one copy of the Complaint, and one copy of this Order.  Upon receipt of the service package, the Marshal is **DIRECTED** to promptly serve the defendant.

Once the Complaint is served upon the defendant, Johnson must then serve her (through her counsel or the Attorney General's Office) with a copy of every additional pleading or other document which he files with the Court. *See* Fed. R. Civ. P. 5. He also shall include with each paper so filed a certificate stating the date on which he mailed an accurate copy of that paper to the defendant or her counsel. The Court will disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service.

Finally, plaintiff must also keep the Court and defendant advised of his current address at all times during the pendency of this action. Failure to do so may result in dismissal of his Complaint. Johnson must also litigate his case, conduct and respond to discovery, and comply with both the Federal Rules of Civil Procedure, which are available at http://www.uscourts.gov/sites/default/files/Rules%20of%20Civil%20Proce dure, and this Court's Local Rules, which are available at http://www.gasd.uscourts.gov/lr/lr1.htm.

## V. Conclusion

In summary, the Court provisionally appoints Ella Johnson as *guardian ad litem* to proceed on behalf of Reginald Johnson in this

14

action.  It recommends that the claims against the Georgia Department of Behavioral Health and Developmental Disabilities should be **DISMISSED**.  Similarly, the claims for punitive damages should be **DISMISSED**.  The Clerk is **DIRECTED** to substitute Commissioner Judy Fitzgerald, in her official capacity, as defendant.  Subsequent pleadings shall conform.  Finally, the United States Marshal is **DIRECTED** to prepare and send the service-waiver package discussed above, and, if defendant does not agree to waive personal service, to personally serve defendant.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 3rd day of July, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA