IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

REGINALD V. JOHNSON, II,

    Plaintiff,

v.

JUDY FITZGERALD, COMMISSIONER,

    Defendant.

CIVIL ACTION NO.: 4:18-cv-050

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's August 29, 2019 Report and Recommendation, (doc. 67), to which the defendant has filed objections (doc. 69). As explained in the Report and Recommendation, this case depends upon whether Reginald Johnson, acting through his mother Ella, has standing to challenge the Georgia Department of Behavioral Health and Developmental Disabilities' determination that he may not direct benefits to a particular service provider, specifically his mother's sister. (Doc. 67 at 2-4). Plaintiff objects to the Magistrate Judge's determination that he lacks standing. (Doc. 69).

Johnson's objection continues to dispute the characterization of the Department's decision, but the claim's flaw is substantive. Plaintiff's objection asserts that "defendant is depriving the right of Plaintiff to self-direct [benefits] which is different from the family hire issue." (Doc. 69 at 2). He contends that "[s]elf-direct provides MORE service options not available under the traditional model therefore defendant reduced a service Plaintiff was given entitlement to by defendant's own agency in 2008." (*Id.* at 3). However, the extent of available "service options," *i.e.,* the ability to direct benefits to a greater range of providers, is not meaningfully different from

the determination that any particular provider is not eligible. Even assuming plaintiff's characterization of the nature of the self-directed services, the disputed removal is still a question of which service providers are proper recipients of funds and which are not, not a question of the monetary value of Johnson's benefits. As *O'Bannon* points out, and as the Magistrate Judge explained, an agency's limiting the scope of providers who may receive funds does not confer standing on the recipients of those benefits. (Doc. 67 at 6-7). Despite his allegation that the benefits have become less useful, Johnson does not allege that the monetary value of the services he can call upon has been reduced. Since Johnson has identified no error in the Magistrate Judge's analysis, his objection is unavailing.

Accordingly, Court **ADOPTS** the Report and Recommendation (doc. 67) as the opinion of the Court. Since Johnson lacks standing to challenge the defendant's action, his Complaint must be **DISMISSED** for lack of subject matter jurisdiction. His Motion for Summary Judgment, therefore, is **DENIED** as moot. (Doc. 51).

**SO ORDERED**, this 27th day of September, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA